### PHILADELPHIA & READING COAL & IRON CO. v. HALLORAN.

### No. 5269.

Circuit Court of Appeals, Third Circuit.
June 13, 1934.

Raymond A. White, Jr., Maurice W. Sloan, and Sloan, White & Sloan, all of Philadelphia, Pa., for appellant.

A. G. Dickson, of Philadelphia, Pa., and Otto E. Farquhar, of Pottsville, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment by the District Court for the Eastern District of Pennsylvania. The appellee brought suit in trespass against the appellant to recover damages for the death of her minor son. The accident, which resulted in his death, occurred at the intersection of Centre and Mauch Chunk streets in Pottsville, Pa. Centre street runs north and south, and is intersected by Mauch Chunk street, which runs east and west. A stop sign at this intersection gave the right of way to vehicles on Centre street. The south rail of car tracks running on Mauch Chunk street was approximately nine feet four inches from the curb of Mauch Chunk street, and the north rail approximately fourteen feet from the curb. Mauch Chunk street is about thirty-one feet in width from curb to curb. Four passengers in an automobile, which had come to a stop at the northeast corner of Mauch Chunk and Centre streets, witnessed the accident and testified as follows: The decedent was walking north on the footpath on the east side of Centre street. As he stepped from the curb into the street to commit himself to the crossing, he waved to the witnesses. The appellant's truck, coming south on Centre street, paused at the intersection to allow vehicles to pass on its left and then made a left turn east on Mauch Chunk street. The decedent had traveled twelve to fourteen feet from the south curb of Mauch Chunk street, and had reached either the middle of the car tracks or the north rail when the truck struck and killed him.

■ The appellant conceded at the trial that the driver of the truck was negligent in not looking where he was driving, and does not contest that point on appeal. It relied in the court below, and relies here, upon the defense that the decedent was guilty of contributory negligence. The trial court in its charge clearly instructed the jury upon the effect of contributory negligence and that the appellee could not recover if the decedent was guilty of contributory negligence. The charge placed sufficient emphasis upon the fact that, if, without looking, the decedent stepped out from the curb, directly in the path of the truck, and so nearly in front of it that it could not stop, the appellee could not recover, even though the driver of the truck was negligent. The rights and duties of a pedestrian at a crossing were meticulously explained to the jury. An examination of the record convinces us that the evidence as to contributory negligence on the part of the decedent was not so conclusive that the court erred in not directing a verdict for the appellant.

■■ The jury returned a verdict in favor of the appellant in the sum of $1,500. It was agreed by counsel that the funeral, medical, and hospital expenses amounted to $750. The appellant contends that the sum of $750, representing loss of earnings, was excessive. It was shown that, at the time of his death, the decedent was seventeen and a half years of age and was in his senior year at high school. Although there was testimony that an uncle intended to send him to a technical school, the appellee testified that both she and the decedent had planned to have him obtain employment immediately after his graduation. The appellee was entitled to her son's earnings during the three-year period before he became of age. The question as to the loss of earnings was adequately explained in the charge of the court and properly submitted to the jury. We think the amount awarded in the verdict is not shown to be so grossly excessive as to shock the conscience of the court and require a new trial.

Judgment affirmed.